UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALBERT LEON WILLIAMS,

    Plaintiff,

vs.

SGT. KIM, et al.,

    Defendants.

Case No. 2:12-cv-01900-GMN-VCF

**ORDER**

        Defendants Baca, Cox, and Kim have removed the action from state court to this court.[1] The court has reviewed plaintiff's complaint. The court will dismiss two counts from the action. Plaintiff will need to file an amended complaint to correct some defects with a third count.

        When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

        Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading

---

[1] Apparently, defendants Wolfbrandt and Gray have not yet been served.

standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff is a prisoner at the High Desert State Prison, both now and at the time relevant to this action. He alleges that he was a party in a state-court civil case to terminate his parental rights. Defendant Wolfbrandt was his attorney in that proceeding. In a letter dated November 3, 2011, defendant Wolfbrandt informed plaintiff about the notice of the entry of the state district court's order terminating his parental rights, but plaintiff alleges that defendant Wolfbrandt actually mailed the letter later than that date. The envelope was stamped as received by the prison's mailroom on November 29, 2011. Plaintiff did not receive the notice until some time between December 6 and 12, 2011. The time to appeal the district court's determination had run out before plaintiff received notice of the determination. Plaintiff tried to appeal, but the Nevada Supreme Court dismissed the appeal as untimely.

The court will turn to count 2 first. Plaintiff alleges that defendants Kim, Baca, and Cox deprived him of his right of access to the courts by delivering the notice of the district court's order too late for plaintiff to file a timely appeal.

Plaintiff has stated a claim that he was deprived of his right of access to the courts. This is not a claim that prison officials have failed to provide plaintiff the legal resources that he would need to challenge the conditions of his confinement or the validity of his judgment of conviction. See Lewis v. Casey, 518 U.S. 343, 355 (1996). See also Bounds v. Smith, 430 U.S. 817 (1977). Regardless of whether prison officials need to provide legal resources to prisoners, prison officials may not interfere unduly with a prisoner's efforts to gain access to the courts. See Snyder v. Nolen,

380 F.3d 279, 290-91 (7th Cir. 2004); Jackson v. Procunier, 789 F.2d 307, 310-11 (5th Cir. 1986). Plaintiff is claiming that defendants Kim, Baca, and Cox interfered with his right of access to the courts by their delay in giving him notice of the state district court's determination.  Plaintiff has stated a claim against defendant Kim, who is the supervisor of the prison's mailroom.  Defendant Baca is the associate warden of operations, and defendant Cox is the director of the Nevada Department of Corrections.  They occupy supervisory positions.  A supervisor cannot be held liable in his individual capacity merely because he is a supervisor.  Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 & n.58 (1978).  "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  See also Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).  Plaintiff has not alleged any facts indicating any personal involvement or causal connection between defendants Baca and Cox and the delay in receiving notice of the state district court's determination.  The court will give plaintiff the opportunity to correct this defect in an amended complaint.

Plaintiff cannot pursue official-capacity claims against defendants Kim, Baca, and Cox. While individual-capacity claims seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity claims generally represent another way of suing "an entity of which an officer is an agent," Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)), namely, the Nevada Department of Corrections.  Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added)

The State of Nevada is not a person for the purposes of § 1983, and thus cannot be a defendant. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  The Nevada Department of Corrections is an arm of the state.  It is not a person for the purposes of § 1983, and thus cannot be a

defendant. Id. at 70.  Official-capacity claims against defendants Kim, Baca, and Cox are effectively claims against the Nevada Department of Corrections.  Consequently, defendants Kim, Baca, and Cox, in their official capacities, are not persons for the purposes of § 1983.  Id. at 71.  In the amended complaint, plaintiff will need to name these people as defendants only in their individual capacities.

Counts 1 and 3 are related.  In count 1, plaintiff alleges the same facts that he alleges in count 2.  He then alleges that he brought those facts to the attention of the Nevada Supreme Court, but the Nevada Supreme Court dismissed his appeal as untimely.  Plaintiff claims that the Nevada Supreme Court's dismissal deprived him of due process of law, guaranteed by the Fourteenth Amendment.  In count 3, plaintiff alleges that the Nevada Supreme Court, his attorney defendant Wolfbrandt, defendants Kim, Baca and Cox at the prison, and defendant Gray, who works for family services, all conspired to obstruct justice, in violation of 42 U.S.C. §§ 1985(2), 1985(3), and 1986.

These counts suffer from the same defect.  Plaintiff asks this court to stop the adoption of the children for whom his parental rights were terminated or to order the Nevada Supreme Court to consider his appeal.  This court lacks jurisdiction to overturn a judgment of a state court on a parental-rights matter.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  This defect cannot be cured by amendment of the complaint.

Defendants Wolfbrandt and Gray appear only in counts 1 and 3.  The court dismisses these defendants because the court is dismissing counts 1 and 3.

Plaintiff also claims that the defendants violated Nev. Rev. Stat. § 199.460, pursuant to the state tort claims act, Nev. Rev. Stat. § 41.0322.[2]  Section 199.460 statute prohibits an officer having custody over a person under arrest from refusing communication with family, friends, or lawyers, and it also prohibits an officer from threatening a person under arrest to extort incriminating

---

[2]Plaintiff erroneously cites Nev. Rev. Stat. § 41.322, which defines the actual-malice element of slander and libel.  Section 41.0322 governs tort actions by prisoners.

statements or a confession.  This is a statute of criminal law, and it does not create a private right of action for plaintiff.

      IT IS THEREFORE ORDERED that count 1, count 3, defendant Wolfbrandt, and defendant Gray are **DISMISSED** from this action for failure to state a claim upon which relief may be granted.

      IT IS FURTHER ORDERED that the clerk shall send to plaintiff a civil rights complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he can correct the deficiencies noted with defendants Baca and Cox.  Failure to comply with thApril 12, 2013is order will result in the dismissal defendants Baca and Cox from this action.

      IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:12-cv-01900-GMN-VCF, above the word "AMENDED."

      DATED this 12th day of April, 2013.

_____
Gloria M. Navarro
United States District Judge