# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALBERT LEON WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-01900-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| SGT. KIM, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Motion to Dismiss (ECF No. 22) filed by Defendants. Plaintiff's deadline to file a Response to that Motion was February 17, 2014. However, *pro se* Plaintiff failed to file a Response by this date. For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss and Plaintiff's Complaint is hereby dismissed.

## I.   BACKGROUND

Plaintiff originally filed this lawsuit on July 20, 2012, alleging that Defendants violated his constitutional rights during Plaintiff's incarceration at High Desert State Prison. (Compl. 1, ECF No. 1-2.) Specifically, Plaintiff asserts that Defendants violated his constitutional rights when they failed to "promptly deliver to [him] time sensitive legal mail." (*Id.* at 4.) Plaintiff further asserts that this failure resulted in his loss of parental rights. (*Id.*)

Subsequently, on January 31, 2014, Defendants filed a Motion to Dismiss. (ECF No. 22.) Pursuant to Local Rule 7-2(b) of the Local Rules of Practice of the United States District Court for the District of Nevada, Plaintiff had fourteen days after service of the Motion to file a Response. Accordingly, Plaintiff had until February 17, 2014, to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all.

/ / /

## II. DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiffs because it is not clear that this case was likely to be decided on the merits.  Defendants filed this motion nearly six months ago, yet Plaintiff has failed to file an opposition.  Furthermore, Plaintiff has failed to take any action in this lawsuit since approximately one month after Defendants filed the Motion to Dismiss.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in

favor of dismissal.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 22) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly.

**DATED** this 11th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge